In re The FRY BROS. COMPANY, EIN # 31-0289270, Debtor.

Arthur FRY, Jr., Trustee, Movant,

v.

FRY BROTHERS COMPANY,
Respondent.

Related Case No. 1-84-00791.

United States Bankruptcy Court,
S.D. Ohio, W.D.

July 26, 1985.

Robert A. Goering, Cincinnati, Ohio, for movant.

Paul A. Nemann, Cincinnati, Ohio, for Creditors' Committee.

George K. Fogg, Cincinnati, Ohio, for debtor.

**176**

## DECISION ON MOTION FOR RELIEF FROM STAY

BURTON PERLMAN, Bankruptcy Judge.

Movant herein, Arthur Fry, Jr., Trustee, here moves for relief from the § 362 automatic stay which arose by operation of law upon the filing of the underlying bankruptcy case. Fry says that he holds three notes totalling $150,000.00 which are the subject of a security agreement between Fry and debtor. Real estate located at 3600 Cardiff Avenue comprises a portion of Fry's collateral, and in addition he is secured by a mortgage on contract rights, inventory and equipment. In his motion he closes by requesting relief from the stay so that he may foreclose on the real estate at Cardiff Avenue.

The motion was the subject of a final hearing held July 18, 1985 at which time testimony was taken. The facts are that debtor issued three five year ten-percent (10%) convertible debentures dated March 18, 1983 to Fry, the first in the amount of $20,000.00, the second in the amount of $100,000.00, and the third in the amount of $30,000.00, for a total of $150,000.00. At the same time the parties entered into a security agreement, and each debenture recites that it is secured by the collateral set forth in the security agreement. Therein, collateral is defined as the "Accounts, Inventory, and Equipment, now owned or hereafter acquired," as well as proceeds thereof, insurance proceeds and tax refunds. Further, on the same date debtor executed a mortgage on the real estate at 3600 Cardiff Avenue as further security for the convertible debentures. The security agreement was duly recorded.

We find as facts that at the time of the hearing there was due on the three convertible debentures the principal amount of $150,000.00 plus interest in the approximate amount of $35,000.00. It is to be noticed, however, that the debentures provide for no payment until the expiration of the five year term for each. Nothing, therefore, is due on such debentures unless a default has occurred. Movant contends that, pursuant to paragraph 11.1 of the security agreement, debtor is in default, because it has failed "to observe or perform [one] of the provisions" of the security agreement. We will not dwell on the several grounds of default asserted by movant. There is one which appears to be valid.

Paragraph six of the security agreement requires that debtor pay promptly when due all personal property taxes, among other kinds of taxes and assessments. The bankruptcy schedule filed by debtor, at schedule A–1 shows, however, that debtor owes personal property tax in Hamilton County in the amount of $6,170.54.

The consequence of default is specified at paragraph 11.2 of the security agreement, that the obligations of debtor then shall become immediately due and payable. For purposes of § 362(d) analysis, by such evidence, movant has shown cause for relief from the automatic stay.

Such relief may be withheld, however, if the debtor shows that the moving secured party is adequately protected in his interest. Debtor contends that this is the case here. In order to make such showing, debtor offered the testimony of a real estate appraiser who we, over objection, found to be qualified. His appraisal of debtor's real estate was "in the range of $416,000.00." He arrived at that figure by averaging the value of $423,000.00 using an investment approach and $410,000.00 using a market approach. He testified that he would reduce the valuation by the amount required to repair the leaky roof. He estimated this to be less than $50,000.00. He opined that the building was marketable. While movant attacked the valuation by debtor's real estate appraiser, it offered no valuation of its own.

We conclude that movant is adequately protected by its security interest in the subject real estate alone, and our conclusion that there is adequate protection for movant is reinforced when consideration is paid to the fact that movant by reason of the security agreement covering accounts,

inventory, and equipment as well as proceeds, holds a security interest in substantial other assets of the debtor.

Accordingly, the motion is denied.

SO ORDERED.